| Lord v City of New York |
|:---:|
| 2025 NY Slip Op 32069(U) |
| June 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151099/2023 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** **HON. RICHARD TSAI**

*Justice*

**PART** **21**

-------------------------------------------------------------------------------X

EBONY LORD,

Plaintiff,

- v -

THE CITY OF NEW YORK, NEW YORK CITY TRANSIT AUTHORITY, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,EMPIRE CITY SUBWAY COMPANY (LIMITED), and VERIZON NEW YORK, INC.,

Defendants.

-------------------------------------------------------------------------------X

**INDEX NO.** 151099/2023

**MOTION DATE** 04/04/2025

**MOTION SEQ. NO.** 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 24-32, 41-51, 64

were read on this motion to/for                SUMMARY JUDGMENT(AFTER JOINDER          .

Upon the foregoing documents, it is **ORDERED** that the motion for summary judgment by defendant New York City Transit Authority is **DENIED**, with leave to renew after the completion of discovery.

According to the notice of claim, on March 5, 2022, at approximately 1:30 a.m., plaintiff allegedly tripped and fell on a yellow piece of plywood on a sidewalk island, which was allegedly in a state of disrepair with no warning and/or caution signs (*see* Exhibit A in support of motion, notice of claim [NYSCEF Doc. No. 36]).  The sidewalk island was located at the intersection of Broadway and West 145th street in Manhattan (*id.*).

Defendant New York City Transit Authority (NYCTA) now moves for summary judgment dismissing the complaint and all cross-claims as against it, on the ground that it is not responsible for the maintenance of sidewalks (affirmation of NYCTA's counsel in support of motion ¶¶ 14-35).  The NYCTA also asserts that it did not create the defect that lead to plaintiff's injuries (*id.* ¶ 43).  It submits NYC Department of Transportation (DOT) street opening permits issued to Empire City Subway Company (Empire) to "Clear duct obstruction" and "Build telephone conduit" at the intersection (*see* Exhibit B in support of motion, DOT permits [NYSCEF Doc. No.. 27]).[1]  Plaintiff opposes the motion.

---

[1] Plaintiff brought a separate action against Empire, which has since been consolidated with this action under this index number (*see* NYSCEF Doc. No. 64).

**151099/2023   LORD, EBONY vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 1 of 4**

[* 1]

In support of its motion, the NYCTA submitted photographs of the plywood upon which plaintiff allegedly tripped:



(*see* Exhibit F in support of motion [NYSCEF Doc. No. 31]).  The upper right hand corner of the photographs depicts grates.  According to the notice of claim, the sidewalk island was "specifically between the subway grates and West 145th Street" (*see* Exhibit A).

A threshold issue in determining whether summary judgment should be granted is whether the plywood upon which plaintiff tripped is covering a subway grate, and whether that grate would have been maintained by the NYCTA.  34 RCNY 2–07(b)(2) requires that "[t]he owners of covers or gratings . . . shall repair any defective street

151099/2023   LORD, EBONY vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 2 of 4

2 of 4

[* 2]

condition found within an area extending twelve inches outward from the perimeter of the cover or grating" (*Storper v Kobe Club*, 76 AD3d 426, 427 [1st Dept 2010] [internal citations omitted]). Thus, even though the NYCTA correctly argues that it is generally has no duty for the maintenance of sidewalks, it nevertheless might be liable here if it is an owner of a subway grate, and there is a defective condition on top of the grate that is within 12 inches of its perimeter.

At the deposition of Michelle Jenkins, a Structure Maintainer who appeared on behalf of the NYCTA, Jenkins was not familiar with whether there are subway grates up Broadway near 145th Street (*see* Exhibit E in support of motion, Jenkins EBT at 16, lines 22-25 [NYSCEF Doc. No. 30]). When shown a photograph of the area, which depicted a grate underneath what appeared to be a New York City Department of Transportation bollard, Jenkins was unable to determine if the grate depicted was a subway grate (*id.* at 23, lines 16-25).

The NYCTA maintains that "there were no visible subway grates under the piece of wood that plaintiff tripped over" (affirmation of NYCTA's counsel in support of motion ¶ 40). Obviously, one cannot see from the photographs what is underneath the plywood--the plywood is covering what is underneath. However, the photograph described above clearly depicts a grate adjacent to the plywood in the upper right hand corner of the photograph, behind the orange netting.

Viewing the evidence in the light most favorable to plaintiff's, it is reasonable to infer from the fact that there is a grate adjacent to the plywood that the grate actually extends underneath the plywood, as there appears to be no visible border between the grate and the edge of the plywood.

Neither did the NYCTA demonstrate that it did not regularly maintain the grates in the photographs, which plaintiff asserts are subway grates. Jenkins appeared to testify inconsistently about whether a Station Condition Report would include maintenance and repair of subway grates. When first asked if the Station Condition Report would highlight maintenance and repair that is exterior to the subway station, Jenkins answered it would *not* include subway grates (*id.* at 28, lines 16-18). However, Jenkins was then asked, "Would it include subway grates if they were within a specific vicinity of the station, within a certain number of feet?" (*id.* at 28, lines 19-22). She answered, "If it's within the station limits" (*id.* at 28, lines 23-24), which can be read as answering that maintenance of exterior subway grates *are* included in the Station Condition Report, so long as the subway grates are "within the station limits."

Thus, there are unresolved questions of fact as to whether the grate is a subway grate, whether the NYCTA is the owner of the grate, and whether the NYCTA performed any maintenance on the grate even if it was not its owner. It is also unclear whether the edge of the plywood upon which the plaintiff allegedly tripped was within 12 inches of any perimeter of the grate that would have extended underneath the plywood.

**151099/2023   LORD, EBONY vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 4**

Because the NYCTA did not address possible liability under 34 RCNY 2-07, which can be reasonably inferred from the evidence in the record, the NYCTA therefore did not meet its prima facie burden of summary judgment dismissing the complaint as a matter of law.

20250611173133RTSAI58871BF9B98D44F0A217ACAF983D624C

_____
6/11/2025
**DATE**

_____
**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151099/2023   LORD, EBONY vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]